UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

EUGENE THOMAS,

               Plaintiff,

         -against-

MARY ANN BRIGANTI,

               Defendant.

22 Civ. 8419 (LGS)

**ORDER AND OPINION**

LORNA G. SCHOFIELD, District Judge:

    Plaintiff brings this action *pro se*. He asserts claims against New York Supreme Court Justice Mary Ann Briganti, who presided over some portions of a foreclosure proceeding that was resolved against him. *See Deutsche Bank Nat'l Tr. Co. v. Thomas,* Index No. 35849/2015. Plaintiff commenced a prior action in this Court arising out of the same foreclosure proceeding. *See Thomas v. Deutsche Bank Nat'l Tr. Co.*, No. 20 Civ. 6024, 2021 WL 1315484 (S.D.N.Y. Apr. 8, 2021). The Complaint and this action are dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

    A court has the authority to dismiss a complaint, without motion and even when the plaintiff has paid the filing fee, if the court determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*); *Clark v. Schroeder*, 847 F. App'x 92, 93 (2d Cir. 2021) (summary order), or that the Court lacks subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them to raise the "strongest [claims] that they suggest." *Saeli v. Chautauqua Cnty., NY*, 36 F.4th 445, 457 (2d Cir. 2022) (internal quotation marks omitted).

## BACKGROUND

The following allegations are from the Complaint and are assumed to be true for purposes of this decision. Defendant Mary Ann Briganti is a Justice of the Supreme Court of the State of New York. The real property that is the subject matter of this suit is commonly known as 2260 Hampden Place, Bronx, NY 10468. The Complaint alleges that Justice Briganti violated Plaintiff's rights by acting in collusion with Plaintiff's adversary in a state foreclosure proceeding.

Justice Briganti allegedly committed treacherous and tortious interference during numerous scheduled pretrial conferences by not providing court transcripts thereof. The Complaint also argues the merits of the underlying foreclosure action as follows: that the note and mortgage are irreparably separated, that the filing of the assignment to Deutsche Bank National Trust Company was flawed and that the assignment was executed by a known robo-signer. The Complaint seeks a declaration that the security interest in Plaintiff's real property was invalid and unperfected.

The Complaint also asserts that non-party Justin Levy was acting as Plaintiff's agent, servant or employee and that the acts and omissions by Justice Briganti were carried out pursuant to overlapping policies and practices of law offices of Levy. Justice Briganti was allegedly deliberately indifferent to the use of improper procedures in the foreclosure and sales of the homes of civilians, and especially "those civilians of African American Descent with a different religious belief."

The Complaint's claims under 42 U.S.C. § 1983 are based on alleged violations of Plaintiff's rights under the First, Fourth, Fifth, Sixth, Eight, Ninth and Fourteenth Amendments to the U.S. Constitution. The Complaint also asserts claims under the New York State Constitution, and state law claims for negligence, and intentional and negligent infliction of

emotional distress.  Finally, the Complaint seeks quiet title to the real property at issue, a declaration that Deutsche Bank National Trust Company's trust deed is not a lien against Plaintiff's property and damages.

**DISCUSSION**

As a matter of law, judges are immune from suit for damages for any actions taken within the scope of their judicial responsibilities.  *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *accord Thomas v. Martin-Gibbons*, 857 F. App'x 36, 38 (2d Cir. 2021) (summary order).  "[E]ven allegations of bad faith or malice cannot overcome judicial immunity."  *Bliven*, 579 F.3d at 209; *Thomas*, 857 F. App'x at 37.  This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *accord Dillon v. Rosen*, No. 22 Civ. 7035, 2022 WL 4538397, at *2 (S.D.N.Y. Sept. 28, 2022).

Judicial immunity does not apply when a judge takes action outside her judicial capacity, or when a judge takes action that, although judicial in nature, is "taken in the complete absence of all jurisdiction." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019); *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature).  But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Gross v. Rell*, 585 F.3d 72, 85 (2d Cir. 2009) (internal quotation marks omitted); *accord Dillon*, 2022 WL 4538397, at *2.

Judges performing judicial duties are also generally immune from injunctive relief. Section 1983 provides: "[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

3

decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. For actions taken within a judge's judicial capacity, relief is ordinarily available by appealing the judge's order.

The Complaint fails to allege any facts showing that Justice Briganti acted beyond the scope of her judicial responsibilities or outside her jurisdiction. The Complaint contends that she "operated outside of the scope and duty of her employment regarding statutory limitations on the lower court matter," apparently because she allegedly should have held that the mortgage was discharged since the foreclosure action was initiated six years after the debt became due. These allegations assert that Briganti erred in her rulings in the foreclosure proceeding, but not that she acted beyond the scope of her judicial responsibilities or outside her jurisdiction.

Because the Complaint sues Briganti for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210 (holding that when the act is a "function normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity," the judge is immune from liability). The Complaint also does not allege the violation of a declaratory decree, or the unavailability of declaratory relief, as required for injunctive relief. Therefore, the claims against Briganti, both as to damages and injunctive relief, are dismissed as "frivolous," as that term is legally defined for this purpose. *See Deem*, 941 F.3d at 621 ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute]." (internal quotation marks omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but do not do so when amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Johnson v. Dobry*, 660 F. App'x 69, 71 (2d Cir. 2016) (summary order). Because the defects in the Complaint cannot be cured with an amendment, leave to amend is denied.

## CONCLUSION

The Complaint is DISMISSED for the reasons stated above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close the case.

Dated:  November 2, 2022
        New York, New York

                                            LORNA G. SCHOFIELD
                                           UNITED STATES DISTRICT JUDGE